UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DESMOND THORNTON,

    Plaintiff,

v.                                                                CASE NO: 8:09-cv-41-T-27EAJ

CITY OF TAMPA, FLORIDA; and
KATHLEEN ATILES, in her individual
capacity as an officer with the Tampa
Police Department,

    Defendants.

---

## PLAINTIFF'S FIRST AMENDED COMPLAINT AND REQUEST FOR JURY TRIAL

COMES NOW, DESMOND THORNTON, by and through his undersigned counsel, and hereby sues the defendants, the CITY OF TAMPA, FLORIDA and Police Officer KATHLEEN ATILES, and alleges:

1. Plaintiff DESMOND THORNTON (hereinafter "THORNTON" or "plaintiff") is an adult United States citizen and a resident of Hillsborough County, Florida.

2. The CITY OF TAMPA, FLORIDA is a municipality located in Hillsborough County and is a political subdivision of the State of Florida.

3. Officer KATHLEEN ATILES was at all relevant times an employee of the Police Department of the defendant, CITY OF TAMPA, FLORIDA. She is sued in her individual capacity only.

4. All acts material to this action occurred in Hillsborough County, Florida.

5. This Court has jurisdiction over Count II pursuant to 28 U.S.C. § 1331, and has supplemental jurisdiction over Count I pursuant to 28 U.S.C. § 1367. Venue is proper under 28

U.S.C. § 1391.

6. Plaintiff has satisfied all administrative prerequisites to pursuing his claim against the CITY OF TAMPA, FLORIDA. On May 25, 2005, plaintiff served by certified mail a notice of his claim against the CITY OF TAMPA, FLORIDA upon its mayor as required by § 768.28(6), *Fla.Stat.* Plaintiff has provided the CITY OF TAMPA, FLORIDA the requisite period of repose before bringing this suit.

## FACTUAL ALLEGATIONS

7. On July 22, 2004, defendant ATILES was a detective assigned to the anti-narcotics squad of the Tampa Police Department.

8. On that date, working in an undercover capacity, ATILES engaged a juvenile in a conversation about purchasing cocaine base for herself.

9. The juvenile identified his criminal partner, another man, as the source for the cocaine base. The juvenile identified his partner as "Little Jit." This man has not been accurately identified to date.

10. ATILES approached the juvenile's partner with the intention of purchasing base cocaine. ATILES gave the man a marked $20.00 bill, and the man handed ATILES an item that later tested positive for cocaine base.

11. ATILES captured her encounter with the man on videotape with accompanying audio.

12. The videotape depicts ATILES in civilian clothes, driving an unmarked automobile.

13. The camera appears to be located near the front passenger seat, pointed at an upward angle toward the driver's window.

14. The videotape depicts ATILES driving for a few moments. ATILES states that she sees the "guy on Grace," referring to Grace Street.

15. The videotape depicts ATILES' vehicle coming to a stop. ATILES then asked, "What's up, G?"

16. The videotape then reveals an African-American man, from the shoulders up, in the area of ATILES' open window.

17. The man does not identify himself as "Little Jit," "G," or by any other name. The videotape, however, clearly captures the image of his face for several seconds.

18. The man is not the plaintiff.

19. The videotape then depicts the man placing a small item or items in the palm of AVILES' hand, and AVILES giving the man an item resembling currency.

20. The videotape then shows AVILES departing in her vehicle. While doing so, she described the man's clothing and hair, and estimated his age as "30-35, somewhere in there."

21. On July 22, 2004, plaintiff THORNTON was 21 years old. He does not remotely resemble the man who appeared in ATILES' window for the purpose of providing her cocaine base in exchange for money. THORNTON has never gone by the nicknames "Little Jit" or "G."

22. On the same day, police officers arrested the juvenile for the offense of solicitation to deliver cocaine base.

23. Several months then passed. On November 12, 2004, ATILES sought and obtained an arrest warrant for plaintiff, who voluntarily surrendered three days before Christmas, 2004. ATILES' affidavit falsely stated that THORNTON is the man appearing in the videotape. This untruthful statement was intentionally or recklessly made.

24. ATILES did not have actual or arguable probable cause to support her request for a warrant for THORNTON's arrest. ATILES knew that THORNTON was not the man whose image was captured on the videotape. THORNTON does not remotely resemble the man whose image was captured clearly in the videotape obtained by ATILES. Despite having ample time - almost four months - in which to view the videotaped image of the suspect, and to compare it with readily available images of THORNTON, (for instance those available from the D.A.V.I.D. system of the Florida Department of Highway Safety and Motor Vehicles), ATILES unreasonably failed to do so. ATILES' misidentification of THORNTON was also unreasonable given the fact that he was 21 years old, while she estimated the suspect's age as a minimum of 30 years and possibly as old as 35 years. ATILES failed to take any reasonable investigatory actions in the nearly four month period between capturing the suspect's image and seeking a warrant for THORNTON'S arrest.

25. As a result of the arrest warrant issued at AVILES' request, and issued on the basis of her false statements that were either intentionally or recklessly made, THORNTON was incarcerated in the Hillsborough County Jail for five hours.

26. Solely as the result of ATILES' factually untruthful affidavit in support of her request for an arrest warrant for THORNTON, he was prosecuted by the State of Florida.

27. After several mandatory court appearances, and facing charges that exposed him to mandatory prison sentence, the prosecution filed a *nolle prosse* on May 10, 2005.

28. THORNTON suffered severe emotional distress, humiliation, inconvenience, mental anguish, and economic damage as a result of his false arrest.

## COUNT I

(§ 768.28, *Fla. Stat.* Claim against CITY OF TAMPA, FLORIDA)

Plaintiff sues defendant CITY OF TAMPA, FLORIDA, and states:

29. All allegations of paragraphs 1 through 28 are realleged as if fully set out herein.

30. Defendant ATILES' arrest of plaintiff was effected in the absence of actual probable cause, and thus constituted a false arrest and false imprisonment actionable under § 768.28, *Fla.Stat.* against defendant CITY OF TAMPA, FLORIDA.

31. Plaintiff has complied with all the requirements of § 768.28(6), *Fla. Stat.* regarding pre-suit notice to defendant CITY OF TAMPA, FLORIDA.

32. As a result of his false arrest, plaintiff suffered the damages described in ¶ 28 above.

## COUNT II

(42 U.S.C. § 1983 Claim against ATILES for Fourth Amendment Violation)

Plaintiff sues ATILES in her individual capacity and states:

33. All allegations of paragraphs 1 through 28 are realleged as if fully set out herein.

34. THORNTON enjoys the right under the Fourth Amendment to the Constitution of the United States to be secure from unlawful and unreasonable seizures of his person. A seizure effected without arguable probable cause to believe that a citizen has committed an offense is objectively unreasonable, and thus violative of the Fourth Amendment (which is applicable to the States and their subdivisions pursuant to the Fourteenth Amendment). THORNTON also enjoys rights under the Fourth Amendment, as incorporated by the Fourteenth Amendment, not to be subject to arrest without arguable probable cause.

35. On November 12, 2004, Officer ATILES, acting under color of state law as an

employee of the CITY OF TAMPA Police Department, deprived plaintiff of his Fourth Amendment rights guaranteed by the United States Constitution, in violation of 42 U.S.C. § 1983, by obtaining an arrest warrant unlawfully and without arguable probable cause, subjecting him to emotional pain and suffering, and depriving him of his Fourth Amendment right to be free from an unreasonable seizure. Specifically, ATILES obtained an arrest warrant by falsely stating that THORNTON was the man who distributed cocaine base to her. ATILES made this false statement knowingly or recklessly. No reasonable officer in the same circumstances could have concluded that she had probable cause to seek an arrest warrant for THORNTON.

36. As a result of defendant's actions, THORNTON spent considerable time detained at the Hillsborough County Jail, suffering the loss of his liberty as well as emotional pain and suffering, and all of the other damages listed in ¶ 28.

37. The constitutional rights of which THORNTON was deprived were clearly established, and thus defendant ATILES is not entitled to qualified immunity.

38. Further, THORNTON is entitled to recover from Defendant ATILES all reasonable costs, including attorney's fees, pursuant to 42 U.S.C. § 1988.

WHEREFORE, THORNTON demands judgment on all counts against defendants for compensatory damages; costs; and attorneys' fees (on Count II), and all other relief the Court deems just and equitable.

PLAINTIFF DEMANDS A JURY TRIAL on all issues so triable.

                Respectfully submitted,

                FARMER & FITZGERALD, P.A.


                /s MATTHEW P. FARMER
                Matthew P. Farmer, Esq.
                Fla. Bar No. 0793469
                708 E. Jackson Street
                Tampa, FL  33602
                (813)228-0095
                FAX  (813) 224-0269
                MattFarmer1@aol.com

                COUNSEL FOR PLAINTIFF

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished electronically on the 27nd day of January, 2009 to the following:

Ursula Richardson, Esq.
ursula.richardson@ci.tampa.fl.us


/s MATTHEW P. FARMER, ESQ.
COUNSEL